IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SMITH & FONG COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>idX CORPORATION, Individually and as Successor in Interest to idX Dayton, LLC; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 3:22-cv-00042-TMR-CHG<br><br>District Judge Thomas Rose<br>Magistrate Judge Caroline Gentry<br><br>RULE 26(f) REPORT OF THE PARTIES |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 12, 2022, and was attended by:

 Jonathan Daugherty, trial counsel for plaintiff Smith & Fong Co.,

 Omid Mantashi, trial counsel for plaintiff Smith & Fong Co.,

 Jeremy Young, trial counsel for defendant idX Corporation,

 G. Thomas Williams, trial counsel for defendant idX Corporation.

2. The parties:

  __X__ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

  _____ will exchange such disclosures by June 1, 2022

  _____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E)

3.     The parties:

    _____     unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    \_\_\_X\_\_\_     do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    _____     unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4.     Recommended cut-off date for filing of motions directed to the pleadings:

    August 23, 2022, except for good cause shown.

5.     Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

    November 2, 2022, except for good cause shown.

6.     Recommended discovery plan:

    a.     Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

    The parties anticipate taking discovery on the allegations of the First Amended Complaint, the validity of the asserted trademarks pled in the First Amended Complaint, the amount of Plaintiff's alleged damages, and Defendant idX Corporation's defenses. If any named parties are later identified beyond their designations of "Does 1-10," the parties anticipate taking discovery related to their alleged infringement and defenses.

    b.     What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

- Parties do not request any changes to the Federal Rules of Civil Procedure or the local rules of this Court with respect to discovery limitations.

- In addition to all other allowable methods of service under Fed. R. Civ. P. 5, parties agree to service by electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E), with service effective upon the date of transmission, and such service being considered equal to service by hand delivery. The counsel for the parties will specify to whom documents served by email are to be sent.

- Whenever one party seeks to depose an opposing party, the party seeking the deposition will request available dates and times from the opposing party prior to service of a deposition notice. A notice may be issued if dates and times are not provided within seven (7) calendar days after the request.

- The parties agree that expert depositions shall not count toward the deposition limit and that each side will have seven (7) hours to depose each expert.

- A 30(b)(6) deposition shall be noticed at least ten (10) business days prior to the scheduled date of the deposition and the parties shall identify the corporate representative(s) being offered to testify on their behalf pursuant to Rule 30(b)(6), and the topics on which each such witness is being offered to testify, at least three (3) business days in advance of the deposition date.

- The parties further agree that each designated witness shall not testify more than seven (7) hours in one 30(b)(6) deposition provided that in the event that a party designates multiple corporate representatives to testify pursuant to a 30(b)(6) deposition notice, then each seven hours of aggregate 30(b)(6) testimony

(rounded up to the nearest whole number of hours) shall count as one deposition for purposes of the ten (10) deposition limit.

- The parties shall provide courtesy copies of all discovery requests (i.e., interrogatories, requests for production of documents and things, and requests for admission) in Microsoft Word format.

c.  Additional recommended limitations on discovery:

    None.

d.  Recommended date for disclosure of lay witnesses.

    June 1, 2022

e.  Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Plaintiff anticipates testimony by experts retained pursuant to Fed. R. Civ. P. 26(a)(2) regarding (1) Construction industry practices, (2) Analysis of infringing products, and (3) Economics and damages analysis.

Defendant only anticipates retaining rebuttal experts.

f.  Recommended date for making primary expert designations:

January 30, 2023; Parties additionally recommend that primary experts provide written reports by no later than March 31, 2023.

g.  Recommended date for making rebuttal expert designations:

May 1, 2023; Parties additionally recommend that rebuttal experts provide written reports by no later than May 1, 2023.

    h.    The parties have electronically stored information in the following formats:

    Parties anticipate discovery of electronically stored information ("ESI") to include electronic correspondence, and other electronic documents routinely created in the course of business, including word-processor files, spreadsheets, accounting application data, presentation data and slideshows, project management and scheduling databases, as well as computer-aided design (CAD), computer-aided manufacturing (CAM), and related computer numeric control (CNC) files.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

    The parties do not anticipate any unusual issues. The parties anticipate continued discussions and/or negotiations with respect to ESI procedures. As those discussions develop, the parties may file motions or proposed orders that clarify the parties' obligations with respect to ESI.

    i.    The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

    The parties do not anticipate any unusual issues. Parties have stipulated to the entry of a protective order based upon this Court's model two-tier protective order and attach their stipulated protective order as <u>Exhibit A</u> to this joint report for the Court's consideration. Parties respectfully request that the attached stipulated protective order be entered into the record at the Court's convenience.

Have the parties agreed on a procedure to assert such claims AFTER production?

    _____    No

    _____    Yes

    \_\_\_X\_\_\_    Yes, and the parties ask that the Court include their agreement in an order.

   j. Recommended discovery cut-off date:

   March 1, 2023 for fact discovery;

   May 31, 2023 for expert discovery.

6. Recommended dispositive motion date:

July 31, 2023

7. Recommended date for status conference (if any):

A date at the Court's convenience on or after April 7, 2023.

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

  Plaintiff is prepared to consider mediation at any time but believes that because of the alleged intentional nature of this infringement substantial discovery is necessary for mediation to have any appreciable chance of success.

  Defendant idX believes that an early mediation could be effective in resolving this suit or at least narrowing the issues between the parties. Waiting until "substantial discovery" is complete could entrench the parties.

9. Recommended date for a final pretrial conference:

A date at the Court's convenience on or after October 30, 2023.

10. Has a settlement demand been made? No A response? No

Date by which a settlement demand can be made: January 6, 2023

Date by which a response can be made: January 20, 2023

11.    Other matters pertinent to scheduling or management of this litigation:

        None at this time.

| *s/* Omid Mantashi | s/ G. Thomas Williams by s/ Omid Mantashi per email authorization |
|---|---|
| Jonathan Daugherty (Ohio Reg. – 0097508)<br>jon@jdcincylaw.com<br>Daugherty Law Office LLC<br>182 Barnwood Drive<br>Edgewood, KY 41017<br>Phone: (859) 331-5500<br>Facsimile: (859) 331-2519<br><br>Omid Mantashi (*Proc Hac Vice*)<br>Law Office of Omid Mantashi<br>omid@ipfoundry.com<br>360 Grand Avenue, Ste. 90<br>Oakland, CA 94610<br>Phone: (510) 593-9442)<br>Facsimile: (510) 868-8310 | Jeremy S. Young (0082179)<br>jyoung@ralaw.com<br>Roetzel & Andress<br>41 South High Street<br>Huntington Center, 21st Floor<br>Columbus, OH 43215<br>Phone: (614) 463-9770<br>Fax: (614) 463-9792<br><br>G. Thomas Williams (MI-P53734)<br>gtw@mcgarrybair.com<br>McGarry Bair PC<br>45 Ottawa Ave. SW, Suite 700<br>Grand Rapids, MI 49503<br>Phone: (616) 742-3500<br>Fax: (616) 742-1010 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |